# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 4138 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| CAPITAL TAX CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Mervyn Dukatt ("Dukatt") has filed objections to Magistrate Judge Kim's February 10, 2011 order that denied Dukatt's motion to compel production of responses to interrogatories and document requests to which plaintiff United States had objected on the grounds of privilege. For the reasons set forth below, the Court overrules Dukatt's objections.

**I.   Standard of review**

When a party timely objects to a pretrial, non-dispositive ruling by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

**II.   Discussion**

After the statute of limitations had run, the Court allowed plaintiff United States to add Dukatt as a defendant and to assert against him a claim for response costs under CERCLA. *See* 42 U.S.C. § 9607(a). To prevail on that claim, the United States will need to establish that Dukatt is equitably estopped (because he took steps to conceal his liability until after the statute

of limitations had run) from asserting the statute of limitations. Discovery with respect to equitable estoppel is what brings the parties before the Court today.

When Dukatt issued discovery requests, the United States objected on the grounds that the requested information was protected from disclosure by the attorney-client privilege. Dukatt moved to compel, arguing, among other things, that the United States had waived the privilege by putting equitable estoppel at issue. Judge Kim denied the motion to compel. Dukatt makes two objections to Judge Kim's ruling.

First, Dukatt objects to Judge Kim's conclusion that the government did not waive the attorney-client privilege by putting privileged information at issue. Pursuant to Rule 501 of the Federal Rules of Evidence, federal common law governs privilege issues with respect to federal claims. *See* Fed.R.Evid. 501. When a court sits in diversity, by contrast, courts apply state privilege law. *Lorenz v. Valley Forge*, 815 F.2d 1095, 1097 (7th Cir. 1987) ("Because the basis of our jurisdiction is diversity, we apply the Indiana state law of privilege.") (citing Fed.R.Evid. 501).[1]

The Seventh Circuit has not clearly stated the federal common-law standard for when a party waives the attorney-client privilege by putting privileged information at issue in a case. This Court agrees with the courts in this district that have followed the Third Circuit's decision in *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851 (3rd Cir. 1994). *See Silverman v. Motorola, Inc.*, Case No. 07 C 4507, 2010 WL 2697599 at *4 (N.D. Ill. July 7, 2010) ("courts in this district have followed the Third Circuit's guidance that 'at issue' waiver

---

[1] Dukatt relies heavily on *Lorenz*, but in that case, the Seventh Circuit was applying Indiana law, not the federal common law that applies here.

applies only where 'the client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing attorney-client communication.'"); *Chamberlain Group v. Interlogix*, Case No. 01 C 6157, 2002 WL 467153 at *3 (N.D. Ill. Mar. 27, 2002); *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001). In fact, the Seventh Circuit has cited *Rhone-Poulenc*, albeit in dicta and without discussion. *See Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir. 1995).

In *Rhone-Poulenc*, the Third Circuit explained the circumstances in which a client waives the attorney-client privilege by making privileged information an issue in a case:

> There is authority for the proposition that a party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation. \*   \*   \*
>
> In these cases, the client has made the decision and taken the affirmative step in litigation to place the advice of the attorney in issue. Courts have found that by placing the advice in issue, the client has opened to examination facts relating to that advice. Advice is not in issue *merely because it is relevant*, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. *The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense* by disclosing or describing an attorney client communication.

*Rhone-Poulenc*, 32 F.3d at 863 (emphasis added). The Third Circuit also explained that it "completely undermines the interest" served by the attorney-client privilege for a court to find waiver merely because the communications are relevant. *Rhone-Poulenc*, 32 F.3d at 864. The Court agrees with this approach and agrees that merely asserting a claim or defense to which attorney-client communications are relevant does not constitute a waiver of the privilege under federal common law. *See Beneficial Franchise*, 205 F.R.D. at 216-217 ("[W]e do not believe that merely asserting a defense or a claim is sufficient, without more, to waive the privilege.

Were it otherwise, then any party asserting a claim or defense on which it bears the burden of proof would be stripped of its privilege and left with the draconian choice of abandoning its claim and/or defense or pursuing and protecting the privilege."). Only if the party also attempts to prove the claim or defense by disclosing or describing attorney-client communications is the privilege waived.

In this case, the United States did not waive its attorney-client privilege merely by asserting equitable estoppel, and Dukatt does not argue that the United States has attempted to establish equitable estoppel by disclosing or describing attorney-client communications. Accordingly, the Court concludes that the United States has not waived its privilege and that Judge Kim was not clearly erroneous when he concluded that, "[b]ecause the government intends to meet its burden of proof without disclosing privileged information, at-issue waiver does not apply here." Dukatt's first objection is overruled.

Dukatt's second objection to Judge Kim's ruling is that Judge Kim allowed the government to withhold information not protected by the privilege. Specifically, Dukatt challenges Judge Kim's conclusion that the government's responses to interrogatories 7, 8, 9, 10 and 11 were adequate.

In interrogatories 7,8 and 11, Dukatt sought the identities of persons who took particular actions with respect to the government's case. In interrogatory number seven, Dukatt wanted to know who decided what persons would be named as defendants in this case. In eight and 11, Dukatt requested the identity of the person who decided there was no basis for naming Dukatt as an owner (early in the case) and the person who decided the government did not have a viable case (early in the case) against Dukatt. The government objected on the basis of attorney-client

privilege and provided no further answer. Judge Kim concluded that requiring the government to identify the lawyers who had made particular decisions would "serve[] as a crowbar to pry open a window into the strategic thought process of the government's attorneys." That conclusion was not clearly erroneous. Dukatt is not seeking merely facts but also information about the government's lawyers' thought processes, which are protected from disclosure by the attorney-client privilege and the work-product doctrine.

Next, Dukatt asserts that he was merely seeking objective facts in interrogatories 9 and 10, which asked the government to state what "essential information" about Dukatt it had been unable to discover during the limitations period and what "active steps" Dukatt had taken to prevent the government from discovering that essential information. The Court agrees that such facts are not privileged. Judge Kim, however, did not conclude that the government need not answer the interrogatories based on privilege. Rather, Judge Kim concluded that the government's response–which was to refer Dukatt to its previously-filed brief that outlined those facts–was adequate. That conclusion was not clearly erroneous.[2] Accordingly, the Court overrules Dukatt's second objection.

---

[2]Of course, by answering the interrogatories the way it has, the government has limited the evidence it may use to establish equitable estoppel. *See* Fed.R.Civ.P. 37(c)(1).

**III.     Conclusion**

For the reasons set forth above, the Court overrules defendant Dukatt's objections to Judge Kim's February 10, 2011 opinion.

ENTER:

/s/ George M. Marovich
_____
George M. Marovich
United States District Judge

DATED:  April 12, 2011