**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 4138 |
| v. ) | |
| ) | Judge George M. Marovich |
| ) | |
| CAPITAL TAX CORPORATION, ) | |
| STEPHEN J. PEDI, ) | |
| WILLIAM LERCH, and ) | |
| MERVYN DUKATT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

After the Environmental Protection Agency ("EPA") spent more than $2,000,000.00 removing hazardous waste from the Site of an old paint factory, plaintiff the United States of America ("United States" or the "government") filed suit, in 2004, against defendants Capital Tax Corporation ("Capital Tax"), Stephen J. Pedi, Frank Pedi and William Lerch ("Lerch"). In its complaint, the United States asserted claims arising under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675. Defendants Frank Pedi and Stephen J. Pedi settled with the government. In October 2007, this Court entered judgment in favor of the plaintiff and against defendants Capital Tax and Lerch. The Court had concluded, among other things, that Capital Tax was an owner and, therefore, strictly liable to reimburse the government for its response costs. Capital Tax appealed, arguing, among other things, that it had reached an agreement with Mervyn Dukatt ("Dukatt") to sell the property to Dukatt and, therefore, was not the owner. The Seventh Circuit remanded for consideration of a

discrete issue: whether or not Capital Tax and Mervyn Dukatt ("Dukatt") entered a valid, oral agreement for the purchase of the relevant parcels, such that an equitable conversion had occurred and Capital Tax was not an "owner" of the Site. Fifteen months after the Seventh Circuit's remand, the United States sought leave to amend the complaint to add Dukatt as a defendant, and the Court allowed it.

Dukatt now moves for summary judgment on his statute-of-limitations affirmative defense. Dukatt believes that the government's claims against him are barred by CERCLA's three-year statute of limitations. The United States argues that Dukatt is equitably estopped from asserting the statute of limitations defense. For the reasons set forth below, the Court grants Dukatt's motion for summary judgment.

## I.     Background

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court, because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to evidence admissible for summary judgment purposes, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). At the summary judgment stage, it is not sufficient merely to deny a fact or to claim a lack of knowledge. The non-moving party must come forward with contrary evidence. This, however, does not absolve a party of its initial

burden of putting forth admissible evidence to support his or its facts. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

Unless otherwise noted, the following facts are undisputed.

Capital Tax was in the business of buying properties and, hopefully, reselling them for a profit. One of the ways Capital Tax obtained properties was by bidding at property tax "scavenger sales" to obtain the tax deeds to properties. The Site at issue in this case contains parcels for which Capital Tax bid on and obtained the tax deeds.

On or about June 17, 2004, the EPA completed its clean-up at the Site. On June 21, 2004, the United States filed its original complaint. Capital Tax answered on August 20, 2004 and, in its answer, admitted ownership of the Site.

The original parties engaged in discovery. For example, in January and February of 2006, the United States deposed Dukatt, Timothy Balin (of Capital Tax) and Jonathan Smith (of Capital Tax). From these three men, the government obtained different stories about whether Dukatt had agreed to purchase the Site parcels from Capital Tax.

Tim Balin testified, "Capital Tax isn't in the business to buy Mervyn Dukatt property. It's in the business to buy Gil Balin, Jonathan Smith and Tim Balin property and make a profit. And if it so happens to sell something to Mervyn Dukatt, it happens. We're not in the business to get property for Mervyn to go in there and, you know, prior to buy it from us, no." Tim Balin also testified that Capital Tax was responsible for the parcels as an owner and that Dukatt "was going to buy the property." In its interrogatories, Capital Tax stated that, "once it gained access to its parcels, it was to sell its parcels to Mr. Dukatt." Smith agreed that Dukatt "was going to

buy the property from us." Still, neither Smith nor Tim Balin could state an exact purchase price, the particular parcels involved in the sale agreement or whether Dukatt actually paid the purchase price.

When Dukatt was deposed, he testified that he did not reach an agreement with Capital Tax to buy the property. Dukatt explained that he had been interested in a portion of the Site, parcel 12, where he hoped to move his office. Dukatt testified that he ultimately passed on the property, because his wife did not like it.

Discovery also turned up evidence that Dukatt had been to the Site many times, but Dukatt testified that he was there as an agent of Capital Tax. Tim Balin, too, testified that Dukatt was not free to do as he wished at the parcels, because the parcels belonged to Capital Tax.

In January 2007, this Court entered partial summary judgment on the merits in favor of the government and against Capital Tax and Lerch for the reasons set out in its memorandum opinion. After the Court entered final judgment in September 2007, Capital Tax appealed. The Seventh Circuit remanded so that the Court could consider whether Capital Tax and Dukatt had reached a valid, oral agreement for the sale of some of the parcels at the Site. The parties requested time for additional discovery, and the Court reopened discovery. By this time, the statute of limitations had run, and Dukatt changed his tune.

After discovery reopened, Capital Tax produced to the government an affidavit, which was signed by Dukatt and which Dukatt described as a "truthful affidavit." In the affidavit, Dukatt states that he had reached an agreement with Capital Tax whereby he (or an entity he controlled) would pay Capital Tax all of the costs and taxes incurred in the scavenger tax sale

process plus an additional $25,000.00 in order to obtain parcels 5, 9, 11, 26 and 12. Dukatt testified that when the EPA became involved with the Site, he "reneged" on the deal and told Gilbert Balin that he no longer wanted the property. Dukatt admitted that he disclaimed ownership after learning about the EPA's involvement and the potential for liability. Dukatt explained that, "if you and I are drowning and there's one log, I'm going to punch you in the nose and grab the log." Dukatt changed his story after the statute of limitations had run, because "he felt bad."

The United States named Dukatt as a defendant for the first time when it filed its second-amended complaint on March 11, 2010.

## II. **Standard on a motion for summary judgment**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

Here, it is undisputed that the government did not sue Dukatt within the three-year limitations period set out in CERCLA § 113(g)(2)(A), 42 U.S.C. § 9613(g)(2)(A). The United States, however, argues that Dukatt should be equitably estopped from asserting the statute of limitations defense or that the statute of limitations should be equitably tolled.

The Court first considers equitable tolling. To establish that equitable tolling is appropriate, a litigant must show, "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lee v. Cook Cty.*, 635 F.3d 969, 972 (7th Cir. 2011) (quoting *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010)). The Seventh Circuit has warned that "[w]e should not trivialize the statute of limitations by promiscuous application of tolling doctrines." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1991). Furthermore, a "plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." *Cada*, 920 F.2d at 453.

The government essentially argues that the extraordinary circumstance that prevented it from filing suit against Dukatt was that Dukatt denied entering an agreement with Capital Tax until after the statute of limitations had run. Dukatt, on the other hand, says the government had all of the information it needed to file suit earlier. The Court does not see Dukatt's flip-flopping testimony as an extraordinary circumstance which stood in the government's way of filing suit. The government's problem is not that it could not have found the relevant evidence earlier with reasonable diligence. Its problem is that it chose to believe Dukatt instead of Capital Tax about the existence of the oral agreement. That was probably a reasonable choice, but it was a choice

nonetheless. The Seventh Circuit, in September 2008, concluded that Capital Tax had put forth some evidence that Capital Tax had reached an oral agreement with Dukatt, i.e., that an equitable conversion *might* have occurred. *United States v. Capital Tax*, 545 F.3d 525, 533 (7th Cir. 2008) ("Capital Tax has presented some evidence to support each element of part performance [of an oral contract]–partial payment, possession and valuable improvements."). (The Seventh Circuit remanded the case for an assessment of that issue.) The evidence was there all along (or at least since the 2006 depositions, which were taken before the statute of limitations had run). That the government did not believe that evidence is not a reason to toll the statute of limitations. Even if the government could not have known about Capital Tax's evidence before the Seventh Circuit issued its opinion, the government has not shown it was reasonable to wait another fifteen months to seek leave to add Dukatt as a defendant. Equitable tolling is not appropriate in this case.

The doctrine more appropriate to this case is equitable estoppel, which the Court considers next. "Equitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to file within the statutory period." *Ashafa v. City of Chi*. 146 F.3d 459, 462 (7th Cir. 1998). The parties agrees that in order for the government to establish that Dukatt is equitably estopped from asserting the statute of limitations defense, the government must show: (1) improper conduct by Dukatt; and (2) that it actually and reasonably relied on Dukatt's conduct. *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 605 (7th Cir. 1992).

The Court has little trouble concluding that the government has put forth sufficient evidence to convince a trier of fact of the first element, that Dukatt engaged in improper conduct.

When the government deposed Dukatt in 2006, Dukatt said he considered but decided not to purchase the property because his wife did not like it. After the statute of limitations had run, he changed his story and said that he had, in fact, reached an agreement to purchase the property. He added that he had been spooked by the EPA's involvement and that, "if you and I are drowning and there's one log, I'm going to punch you in the nose and grab the log." Dukatt argues that this is merely a denial, and a mere denial cannot support equitable estoppel. The Court disagrees. The Seventh Circuit has said, "If [defendant] had told [plaintiff] that it would not plead the statute of limitations as a defense to any suit for age discrimination that he might bring, this would be a case for equitable estoppel; so also if [defendant] had presented [plaintiff] with forged documents purporting to negate any basis for supposing that [plaintiff's] termination was related to his age." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1991). What Dukatt did is the equivalent of putting forth forged documents. He did not merely deny being an owner. (Indeed, he had not even been a defendant at the time.) Rather, he testified to something and, after the statute of limitations had run out, changed his story. The change in his story (if the fact-finder believes the second version, rather than the first) provides two benefits: (1) it gets Capital Tax off the hook, due to equitable conversion; and (2) does so without harming Dukatt because the statute of limitations has already run. Dukatt engaged in improper conduct, and this is a situation for which equitable estoppel is designed.

Next, the government must show that it actually (and reasonably) relied on Dukatt's conduct in failing to file suit against him within the limitations period. This is where the government's equitable estoppel theory falls apart. The government failed to put forth a single piece of evidence that suggests the government actually relied on Dukatt's testimony when it

failed to name Dukatt as a defendant until after the statute of limitations had run. This is not a surprise. During discovery, Dukatt issued discovery requests seeking evidence of the government's reliance. The government objected to the disclosure on the grounds of attorney-client privilege, and the objection was upheld by this Court. Because the government refused to produce any evidence of its reliance during discovery, it is no surprise that it has not offered any now.

Instead of proof of its actual reliance, the government seems to be arguing that the Court can infer actual reliance from Dukatt's testimony, the inability of Capital Tax's principles to define the terms of the agreement with Dukatt and the fact the government did not file suit within the limitations period. That would seem to eliminate the element of actual reliance. As the Seventh Circuit explained in the very case the government cites to support its argument (that it can prove reliance by inference):

> [w]e hold that the facts before us are not sufficient to constitute an estoppel, and that therefore the oral guaranty made by Pope is unenforceable.
>
> The reason for our holding is that [plaintiff] has not met its burden of proving the elements of estoppel clearly, satisfactorily, and convincingly. Specifically, [plaintiff] has offered no convincing evidence that it actually did rely on [defendant's] guaranty in making its decision to extend credit to the franchisees. *Instead, it asks us to infer such reliance from the mere fact that a guaranty was made. This we will not do.* To infer detrimental reliance sufficient to invoke the doctrine of equitable estoppel from the mere making of a guaranty would be to take most, if not all, guarantees outside of the statute of frauds . . . *At the very least, some additional facts must be clearly proven to create a strong inference of actual reliance*.

*Prize Steak Products, Inc. v. Bally's Tom Foolery, Inc.*, 717 F.2d 367, 370 (7th Cir. 1983) (internal citations omitted) (emphasis added). The Seventh Circuit went on to explain what those additional facts might be. It said, "[f]or example, if [plaintiff] could prove that, as a matter

of policy, it never extended credit to new franchises without a guaranty, this might be sufficient proof of actual reliance." *Prize*, 717 F.2d at 370 n. 2. What the Seventh Circuit rejected in *Prize* is what the government asks this Court to do in this case: to infer actual reliance from the fact that the government did not sue in time. The additional facts the Seventh Circuit suggested in *Prize* are facts about how the *plaintiff's* behavior was affected by the conduct on which it claimed to rely. The government offers not one fact, not one piece of evidence–direct or circumstantial–as to how *its* behavior was affected by Dukatt's testimony. The government gives a finder of fact nothing–apart from its failure to file suit in time–from which to infer that it actually relied on Dukatt's testimony in failing to file suit in time. Accordingly, the government has failed to put forth sufficient evidence from which a reasonable trier of fact could conclude that Dukatt is equitably estopped from asserting a statute of limitations defense.

Few things pain this Court more than seeing a liar profit from his lies. The government asks the Court not to reward Dukatt for his behavior, but it is not the Court who gave Dukatt his reward. It is the government, which refused to put forth evidence of actual reliance.

Dukatt, on the other hand, has put forth undisputed evidence that the government filed suit against him after the statute of limitations had run. Dukatt has shown that there are no issues of material fact and that he is entitled to judgment as a matter of law on his statute of limitations affirmative defense. Accordingly, his motion for summary judgment is granted.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant Mervyn Dukatt's motion for summary judgment. Plaintiff's claims against Dukatt are dismissed as time-barred.

ENTER:

George M. Marovich
United States District Judge

DATED: April 16, 2012